UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ILYA ISAKOVICH
RUBINSHTEYN,

      Petitioner,

v.                              Case No.: 2:26-cv-00279-SPC-NPM

MATTHEW MORDANT *et al.*,

      Respondents,

## **OPINION AND ORDER**

Before the Court are petitioner Ilya Isakovich Rubinshteyn's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Rubinshteyn's reply (Doc. 8). For the below reasons, the Court grants the petition.

**A. Background**

Rubinshteyn was born in the Soviet Union, so he is now stateless. Rubinshteyn entered the United States as a refugee in November 1992, when he was eleven years old. On March 16, 2005, he was arrested for a series of traffic infractions and charged with assault and battery on a public official. On September 7, 2006, an immigration judge ordered Rubinshteyn removed. The Department of Justice released Rubinshteyn under an order of supervision on January 12, 2007. Rubinshteyn has kept his criminal record clean since his

release 19 years ago. He married a U.S. citizen, and they have two U.S. citizen children. Rubinshteyn has work authorization and owns an IT company.

On January 27, 2026, Immigration and Customs Enforcement ("ICE") detained Rubinshteyn while he was dropping his kids off at school. ICE did not give Rubinshteyn notice, a reason for the detention, or an opportunity to be heard. He is currently detained at Alligator Alcatraz. Rubinshteyn challenges the legality of his detention under the Due Process Clause of the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Immigration and Nationality Act ("INA"), and implementing regulations.

### B. Jurisdiction

Before addressing the merits of Rubinshteyn's claim, the Court must address its jurisdiction. The respondents argue two sections of the INA strip the Court of jurisdiction over this action. They first point to a provision that bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision

or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). The zipper clause only applies to claims requesting review of a removal order. *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Rubinshteyn does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Rubinshteyn challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Rubinshteyn's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

### C. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably

removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*  The presumptively reasonable six-month period for detention pending removal commences at the beginning of the removal period.  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

The respondents do not address Rubinshteyn's *Zadvydas* claim, but the Court finds it dispositive.  Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Rubinshteyn has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  ICE made that determination in 2007, when it released Rubinshteyn from custody.  And in 2017, the Russian consulate sent Rubinshteyn a letter stating Russia would not issue him a passport.  Removal to Russia is unlikely, and ICE has not identified a third country that might accept Rubinshteyn.  The burden thus shifts to the respondents, but they make

no attempt at rebuttal. In fact, ICE reports they are undertaking a review of Rubinshteyn's file to determine whether removal is possible.

### D. Conclusion

The Court finds no significant likelihood Rubinshteyn will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, DHS can detain Rubinshteyn to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680. Rubinshteyn's procedural challenges to the revocation of his release are moot.

Accordingly, it is hereby **ORDERED:**

Ilya Isakovich Rubinshteyn Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Rubinshteyn within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on February 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1